**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGIATION**

IN RE: GENERAL MOTORS LLC                          MDL Docket No. 2543
IGNITION SWITH LITIGATION

This Document Relates To:

> ***Patrice Witherspoon v. General Motors LLC and General Motors Co.,*** **Western
> District of Missouri, No. 4:14-cv-00425-HFS**

---

**PLAINTIFF PATRICE WITHERSPOON'S RESPONSE TO THE MOTION TO TRANSFER
AND NOTICE OF ORDER FROM HON. HOWARD F. SACHS (W.D. MO.)**

Assuming the Panel decides consolidation of the GM ignition-switch lawsuits is

appropriate, transfer of this case[1] should be stayed pending resolution of Plaintiff's motion

to remand for lack of subject-matter jurisdiction.  Although Plaintiff recognizes that the

Panel usually does not delay transfer for a motion to remand, special circumstances exist

here.

Specifically, the Court to whom this case is presently assigned has expressed that

the motion to remand "is under active consideration" and it is that Court's "preferred

practice" to decide the remand issue before a transfer.  Indeed, in denying a motion to

expedite briefing, the Court asked that the following order be passed along to the Panel:

> The pending motion to expedite briefing seeks to hurry things along in order
> to avoid having the case unnecessarily caught up in an MDL proceeding. If a
> remand is appropriate, I continue to believe that "a remand before transfer is
> the preferred practice." Plubell v. Merck & Co., 2005 WL 2739036 (W.D. Mo.).
> The issues here are apparently important, however, and should not be
> decided by a "hasty ruling" if possible. My supposition is that coordination
> between this court and the MDL proceeding is feasible. I will therefore deny

---

[1] Although briefs in response to the motion to transfer were due on April 25, this case was
not removed from state court and identified as a related action until May 12, 2014.  The
Order that is cited below from the judge assigned to this case was only entered on May 28,
2014.

the motion to expedite, but with the expectation that counsel may advise the MDL staff that the remand motion is under active consideration. My view of "preferred practice" may also be passed along. Plaintiff's motion to expedite briefing is therefore DENIED. (Doc. 6). The cross-motion to stay remains under advisement. (Doc. 8).] Signed on 05/28/14 by District Judge Howard F. Sachs. (Duer, Tina)

*Witherspoon v. General Motors LLC,* Case. No. 4:14-cv-00425-HFS, Dkt. 12 (W.D. Mo.).  In light of Judge Sachs' active and on-going efforts to decide the motion to remand—which would be wasted if the case is transferred before he can file and issue his ruling—Plaintiff respectfully asks that any transfer of this case be stayed until and unless he determines there is federal subject-matter jurisdiction.  Indeed, since a prerequisite to consolidation is that it "will promote the just and efficient conduct of such actions," it would be contrary to 28 U.S.C. § 1407 to permit a transfer that would actively result in inefficiency by wiping out the work of another Article III judge before he can complete and file his ruling, requiring the transferor court to take up the issue anew.

Moreover, the Panel's usual practice of transferring cases while a motion to remand is pending is rooted in its precedent that "those courts wishing to address . . . motions [to remand] have adequate time in which to do so [prior to transfer]."  *In re Prudential Ins. Co. of America Sales Practices Litigation*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).  But, absent a brief stay, the timing and circumstances of Defendants' removal here may foreclose that opportunity, even though it is plainly Judge Sachs's desire to rule on the motion.  Defendants removed the case before it was even served but they waited until just 14 calendar days (with an intervening holiday weekend) before the Panel's hearing on the motion to transfer.  Moreover, Defendants objected to filing an expedited response brief (Dkt. 8), despite Plaintiff filing her motion to remand within 3 days of removal (Dkt. 1 & 5).  Under these circumstances, a stay of reasonable length is appropriate to afford Judge Sachs

2

the typical opportunity to decide the remand issue, which is appropriate in light of his

desire to do so.  Such a stay will be brief and non-disruptive to any possible MDL.

Finally, a stay pending ruling on the motion to remand is also consistent with

Defendants own conduct.  Defendants removed this case despite its agreement to

voluntarily stay all actions pending a resolution of the proceedings in the bankruptcy court.

Likewise, Defendants agreed to allow the JPML to proceed with the motion to transfer and

determine the appropriate federal venue simultaneous with those bankruptcy proceedings.

Plaintiff here is just asking for the same courtesy—to allow for an expeditious

determination of whether her claim belongs in state court while the various other

mechanisms to adjudicate these matters are set in place.[2]

**CONCLUSION**

For these reasons, Plaintiff respectfully asks that the preferred practice of the judge

currently assigned to this case be honored and any transfer stayed while that judge rules

---

[2] To forestall any suggestion that Plaintiff, by moving to remand to state court, is attempting an end run around any consequences from an adverse bankruptcy ruling, Plaintiff acknowledges the authority of the bankruptcy court to interpret its Sale Order.  But the bankruptcy court's authority to enforce its orders under the All Writs Act does not furnish removal jurisdiction.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441.") Moreover, while Plaintiff has objected to staying her motion to remand, she has agreed to stay any other case activities and to stay the case in its entirety (whether in state or federal court) once the motion to remand is finally decided.  This has been made explicit in prior pleadings. *See Witherspoon,* 4:14-cv-00425-HFS, Dkt. 11 at 2-3 ("Plaintiff fully intends to comply with the Bankruptcy Court's Scheduling Order by timely filing a pleading with the Bankruptcy Court agreeing to a stay in this case in all respects except to finalize all briefing and obtain a final ruling on Plaintiff's motion to remand back to state court as no federal court has subjection-matter jurisdiction in this case pursuant to Eighth Circuit precedent. In other words, once there is a final non-appealable decision on the jurisdictional question raised by the remand motion, Plaintiff agrees to stay the case pending further developments in the Bankruptcy Court.").

on the motion to remand.  Such a ruling would be consistent with the efficiency objectives

of multidistrict litigation, 28 U.S.C § 1407.


Dated: **May 29, 2014**

                    Respectfully Submitted,

                    **STUEVE SIEGEL HANSON LLP**

                    /s/ Norman E. Siegel
                    Patrick J. Stueve, Mo. Bar # 37682
                    Norman E. Siegel, Mo. Bar # 44378
                    Todd E. Hilton, Mo Bar # 51388
                    Bradley T. Wilders, Mo Bar # 60444
                    460 Nichols Rd. Suite 200
                    Kansas City, Missouri 64112
                    Telephone:  (816) 714-7100
                    Facsimile:  (816) 714-7101

                    **GRAY, RITTER & GRAHAM, P.C.**
                    Don M. Downing, Mo. Bar #41786
                    701 Market Street, Suite 800
                    St. Louis, Missouri 63101
                    Telephone:     (314) 241-5620
                    Facsimile:     (314)241-4140

                    Attorneys for Plaintiff